J-A11036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JENIQUA BRADLEY | : | |
| | : | |
| Appellant | : | No. 1107 MDA 2025 |

Appeal from the Order Entered July 11, 2025
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2024-CV-03429

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 30, 2026**

Jeniqua Bradley (Appellant) appeals *pro se* from the order which granted judgment in favor of JP Morgan Chase Bank, N.A. (JP Morgan) as a result of Appellant's failure to pay a past due credit card balance.[1]  Upon review, we dismiss the appeal.

On May 9, 2024, JP Morgan filed a complaint which alleged that Appellant had used the credit card ending in 6262 "for the purchase of products, goods, and/or for obtaining services, and/or to make cash advances."  Complaint, 5/9/24, at ¶ 3.  JP Morgan averred that Appellant had not made a payment since April 19, 2023, and was "in default with respect to the debt for failure to make the required payments" in the amount of $14,877.19.  *Id.* at ¶¶ 6-7.

---

[1] The order also "barred [Appellant] from any further frivolous motion filing in this matter."  *See* Order, 7/11/25.

Appellant filed numerous pleadings in response to the complaint. The trial court explained:

> [Appellant] proceeded to file various motions to dismiss and motions for judgment on the pleadings which were not entertained by the [trial c]ourt due to her failure to follow local rules. She likewise filed four Certificates of Readiness which were also not entertained. …
>
> A self-represented party will be held to the same standards as a licensed attorney. They cannot expect the court to act as their legal advisor or to compensate for their lack of legal training. ***Wiegand v. Wiegand***, 525 A.2d 772, 774 (Pa. Super. 1987). …
>
> [Appellant] actually admitted that she opened the account and made the charges.

Trial Court Opinion, 10/3/25, at 2. The trial court reiterated that Appellant "admitted … all of the averments contained in [JP Morgan's] Complaint were true." ***Id.*** at 3. On July 11, 2025, the trial court issued the order which provided for judgment in favor of JP Morgan in the "full amount pled" of $14,877.19.[2] ***Id.***

On August 8, 2025, Appellant filed a notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement. Appellant presents the following claims:

> 1. Whether the trial court erred in entering judgment without a signed contract or admissible evidence of the alleged debt?
>
> 2. Whether the court erred in denying the Motion to Vacate despite violations of the Truth in Lending Act (TILA)?

---

[2] The trial court noted there were "four cases (including this one) filed in Dauphin County Court of Common Pleas in which [Appellant] is a party." ***Id.*** at 1 n.1.

- 2 -

3. Whether JP Morgan Chase lacked standing to enforce the alleged debt under UCC Article 9 due to securitization and failure to prove assignment?

4. Whether the trial court committed reversible error by entering judgment despite the existence of a binding arbitration agreement between the parties?

5. Whether the court erred by ignoring Appellant's valid tender of payment under UCC § 3603 (13 Pa. C.S. § 3603]?

6. Whether the trial court committed reversible error by failing to rule on Appellant's timely Motion to Dismiss, thereby denying due process and meaningful judicial review?

7. Whether JP Morgan Chase lacked standing to collect or report a charged-off account as an enforceable debt after December 2023?

Appellant's Brief at 2 (unnumbered).[3]

Appellant fails to develop any of her claims with an intelligible legal argument. The body of her brief is less than five pages long, and the two-page argument section is comprised of unsupported, conclusory statements. *See id.* at 3-4. Although Appellant cites some statutes and one case, she does not expand upon how the statutes and one case apply to her conclusions. Consequently, her argument is defective. *See* Pa.R.A.P. 2119(a) (requiring the argument contain "discussion and citation of authorities as are deemed pertinent"); Pa.R.A.P. 2119(c) (providing where "reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth … a reference to the place in the record where the matter referred to appears); Pa.R.A.P. 2119(d) (requiring

---

[3] JP Morgan has not filed a brief.

the argument "contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found").

This Court has stated repeatedly that "[w]hen issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking & Tr. v. Gesiorski**, 904 A.2d 939, 942–43 (Pa. Super. 2006) (citations omitted).  In addition, we may dismiss an appeal "if the defects are in the brief … of the appellant and are substantial."[4]  Pa.R.A.P. 2101.  For these reasons, we dismiss the appeal.

Appeal dismissed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/30/2026

---

[4] Like the trial court, we recognize that we may not act as counsel or develop arguments on behalf of *pro se* litigants.  **See Coulter v. Ramsden**, 94 A.3d 1080, 1088-89 (Pa. Super. 2014).  A person who represents himself "must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."  **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018).